IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **OBI E. IGBOKWE, RICHARD BARGE,** § <br> **JIMMY HARRIS, GWEN JENKINS,** § <br> **and SHIRLEY GRAY,** § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> **DALLAS COUNTY SCHOOLS and** § <br> **RICK SORRELLS, in his individual and** § <br> **official capacity,** § <br> § <br> Defendants. § | Civil Action No. **3:11-CV-3036-L (BK)** |

# ORDER

Before the court is Defendants' Motion to Dismiss the Re-Plead of Plaintiffs' Original Petition and, in the Alternative, Motion for More Definite Statement (Doc. 36), filed October 31, 2012. Defendants' motion was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on April 4, 2013, recommending that Defendants' Motion to Dismiss the Re-Plead of Plaintiffs' Original Petition be granted and Plaintiffs' claims under the Equal Pay Act and 42 U.S.C. § 1983, based on alleged violations of the Fourteenth Amendment, Equal Protection clauses, and due process, be dismissed with prejudice.

On April 19, 2013, Plaintiffs filed objections to the Report. Plaintiffs contend that the magistrate judge erred in denying their 30-day request for leave for Mr. Igbokwe to attend a funeral in Nigeria. With regard to their claims, Plaintiffs state: (1) under the Equal Pay Act, Plaintiffs "still contend that all drivers who drove the Shuttle Bus were compensated at their regular pay rate, except

Order – Page 1

Mr. Igbokwe who was paid minimum wage" and "[d]iscovery and actual trial will bring this to light." "Mr. Igbokwee's National Origin   Nigerian, makes him part of a protected group . . . [and he] received less pay than both the male and female drivers who drove the Shuttle Bus."; (2) Plaintiffs have pled that "KKK" was written on Mr. Igbokwe's trip sheet to harass, intimidate, and discriminate against him; and (3) Defendants are attempting to downplay the importance of seniority at Dallas County Schools. Pls.' Obj. 1-3.

The court has carefully reviewed the magistrate judge's Report in light of Plaintiffs' objections. The "Request for a 30 Day Leave" referred to by Plaintiffs was filed on March 12, 2013. In their Request for a 30 Day Leave, Plaintiffs ask the court to deny Defendants' motion to dismiss. Plaintiffs also request a "30 day leave, commencing from the 13th of March through the 12th of April, 2013," but they do not state the reason for the leave sought.  It appears, based on the timing of the request, that they are seeking a 30-day extension of their deadline to file a response to the motion to dismiss. Attached to the Request for a 30 Day Leave is a copy of Mr. Ogbokwe's request for leave of absence submitted to Dallas County Schools, seeking leave without pay from March 18, 2013, to April 5, 2013; a copy of a flight itinerary departing from Dallas, Texas on March 13, 2013, at 5:24 p.m., and returning to Dallas on April 6, 2013, at 8:20 p.m.; and a copy of an Order of Funeral Service for Late Chief Ezenwa Igbokwe scheduled for March 23, 2013.

Plaintiffs' original deadline to respond to the motion to dismiss was November 21, 2012. Although Plaintiffs did not file a response by November 21, 2012, and never sought leave to extend their original deadline, the magistrate judge *sua sponte* entered an order directing Plaintiffs to file a response to the motion to dismiss by March 13, 2013, which generously allowed them almost an additional four months.  In their Request for a 30 Day Leave, Plaintiffs fail to explain why they were

unable to file a response to the motion to dismiss before Mr. Igbokwe left on March 13, 2013, to attend the funeral; nor do Plaintiffs explain why Mr. Igbokwe's absence prevented the other Plaintiffs from filing a response within the time ordered by the magistrate judge.[*] Plaintiffs had a substantial amount of time to prepare and file a response to the motion to dismiss. With the extension given by the magistrate judge, Plaintiffs had almost four months to respond to Defendants' Motion to Dismiss. Accordingly, although the issue of Plaintiffs' Request for a 30 Day Leave is not addressed in the Report, the court finds no error in the magistrate judge's decision to not to further delay resolution of Defendants' Motion to Dismiss.

Even assuming that Plaintiffs have shown good cause or excusable neglect under Federal Rule of Civil Procedure 6 for their failure to originally respond timely or subsequent request for a 30-day extension of the already extended response deadline, the court determines that Plaintiffs have failed to state claims upon which relief can be granted under section 1983 and the Equal Pay Act and that such claims fail as a matter of law for the reasons stated by the magistrate judge. Thus, the additional discovery alluded to in Plaintiffs' objections and any amendment of pleadings would be futile and unnecessarily delay the resolution of this action. Plaintiffs' objections regarding the merits of their claims, as pled, do not affect the court's determination in this regard. Moreover, although Plaintiffs appear to contend in their objections that Mr. Igbokwe was discriminated against on the basis of his national origin because he was paid less than other employees, Plaintiffs' amended complaint or "Re-Plead of Plaintiffs' Original Petition" contains no such claim or allegations. Thus,

---

[*] Moreover, Plaintiffs were specifically warned in the court's memorandum opinion and order, dated September 30, 2012, that Mr. Igbokwe could only represent himself and not any other Plaintiffs. *Id.* at 12. Thus, the remaining Plaintiffs had no basis to rely on Mr. Igbokwe for representation, and they should have acted on their own or sought the advice of counsel.

**Order – Page 3**

no claim based on national origin discrimination is before the court. Plaintiffs' objections are therefore **overruled**.

Accordingly, after a careful and independent review of the pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court therefore **grants** Defendants' Motion to Dismiss the Re-Plead of Plaintiffs' Original Petition, **denies as moot** Defendants' Alternative Motion for More Definite Statement (Doc. 36), and **dismisses with prejudice** Plaintiffs' claims under the Equal Pay Act and 42 U.S.C. § 1983, based on alleged violations of the Fourteenth Amendment, Equal Protection clauses, and due process.

**It is so ordered** this 23rd day of April, 2013.

_____
Sam A. Lindsay
United States District Judge